2023 IL App (1st) 190032-U

No. 1-19-0032

Order filed April 14, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 C6 60339 |
| | ) | |
| JEROME PACE, | ) | Honorable |
| | ) | Patrick Coughlin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1  *Held*:  We affirm defendant's convictions for aggravated identity theft and forgery over his challenge to the sufficiency of the evidence.

¶ 2  Following a bench trial, defendant Jerome Pace was found guilty of aggravated identity theft of a victim more than 60 years old (720 ILCS 5/16-30(b)(1) (West 2016)) and forgery (720 ILCS 5/17-3(a)(1) (West 2016)). He was sentenced to two years' probation for each count and

ordered to pay $195.25 in restitution.[1] On appeal, he argues that the State failed to prove his guilt beyond a reasonable doubt where the witness who testified that defendant used another person's debit card to purchase a bottle of tequila was incredible. For the following reasons, we affirm.

¶ 3     Defendant was charged by information with one count of aggravated identity theft in that he knowingly used the personal identifying information of Harriet Braun, a person 60 years of age or older, to fraudulently obtain credit, money, goods, services, or other property (count I).[2] He was also charged with one count of forgery in that he, knowingly and with the intent to defraud, made or altered a receipt for Braun's debit card so that it appeared to have been made with authority and was capable of defrauding (count II). Lastly, he was charged with three counts of using a counterfeited, forged, expired, revoked, or unissued credit or debit card (counts III-V).

¶ 4     At trial, Precious Beason testified that, on January 24, 2016, she worked as a waitress at Bocce's Bar and Grill (Bocce's) in Matteson, Illinois.[3] Around 1:30 a.m. that day, she observed defendant, whom she identified in court, standing to the left of the bar. He wanted to buy a bottle of tequila, but Beason told him he had to pay for the bottle and sit at a table before he could receive it. He handed her a card which she "slid." Then, she gave him the receipt in a "check presenter." He signed the receipt. After he paid, he went to a table, and Beason brought the bottle.

¶ 5     Beason identified a copy of the receipt, which is included in the record on appeal. The receipt shows that the bottle and the included gratuity cost $155.25, and the signor gave an

---

[1] The court did not specify whether the terms of probation for each count were to run concurrently, but the sentencing order provides that defendant's probation was scheduled to terminate on December 20, 2020.

[2] Harriet Braun's name is spelled various ways throughout the record; we adopt the spelling from the information.

[3] Beason originally testified the night in question was January 24, 2015, but the record as a whole makes clear it was January 24, 2016.

additional $40 tip for a total cost of $195.25. A signature on the receipt is illegible, but the receipt states the card was a "MSTRCRD" belonging to "BRAUN/HARRIET M" and provides that the card's first and last four digits were 5429 and 9828, respectively.

¶ 6    On a later date, Beason's boss told her that the charge had been reported fraudulent. Beason was responsible for repaying the bar for the charge, so she attempted to learn defendant's identity, hoping he would repay her. She had known a person with whom defendant had been that night, whose name was Tim. She found a picture on Tim's social media of Tim and defendant together, and recognized defendant as the person who had purchased the bottle of tequila. Beason reported this to her boss. The police came to the bar, and she identified defendant in a photograph array.

¶ 7    On cross-examination, Beason testified that, in January 2016, the procedure for accepting card payments was to slide the card, have the customer complete the bottom two lines of the receipt, and close the card out, which included manually inputting any tip the customer provided. That procedure subsequently changed with the introduction of cards with chips; "now," the server must also take the customer's identification. Beason did not request defendant's identification as it was Saturday night, the bar was "extremely busy," and he was with Tim, whom she knew as a regular customer and considered "good people." She was "supposed to make sure there is a name on the credit card," but did not know the name on the card defendant used. After defendant purchased the bottle, Beason pointed him towards a table and took the bottle there. A woman sat with defendant and Tim.

¶ 8    On redirect examination, the State again showed Beason the copy of the receipt. She testified that she reminded defendant to add a tip, and he signed the receipt and gave a $40 tip.

¶ 9    The State entered stipulations that, if called, Braun would testify that she was born on September 20, 1947.[4] The account number for her debit Master Card began with 5429 and ended in 9828. She had not given anyone permission to possess or use her personal information. Matteson police detective Aaron Dobrovit would testify that he administered the photo array to Beason, who identified defendant.

¶ 10    The defense called Timothy Farr, who testified he had known defendant for 17 or 18 years. On January 24, 2016, he and defendant arrived at Bocce's around 11 or 11:30 p.m. and were together "the whole time." They went to the left side of the bar and Farr ordered them drinks from a bartender, not Beason. They remained there for 35 or 40 minutes. They drank "some beers," and "may be [*sic*] a short [*sic*] or two each." Farr and defendant discussed buying a bottle of liquor, asked the price, and decided it was too expensive. However, defendant told Farr that "somebody else had gotten the bottle" and they would have to sit at a table. They sat at a table and drank from a bottle of tequila for less than 45 minutes, then left. Farr had paid for their drinks with his debit card and never saw defendant present a card.

¶ 11    On cross-examination, Farr testified that the bartender did not ask for his identification when he paid with his debit card. Farr agreed the bottle of tequila was "delivered" to their table,

---

[4] The transcript from this date originally stated that Braun's date of birth was September 20, 1974. However, according to defendant's brief on appeal, the court reporter's office performed an accuracy check and prepared a new transcript, with which defendant supplemented the record on appeal. The second version states Braun's date of birth is September 20, 1947, and contains several other, minor differences. Nevertheless, the parties believed further inaccuracies remained and, on December 17, 2021, filed in this court an agreed motion for summary remand pursuant to Supreme Court Rule 329 (eff. July 1, 2017). We allowed the motion, and, on June 27, 2022, the circuit court held a hearing to determine the accuracy of the transcript. The court stated that, according to its own notes, September 20, 1947, was the date of Braun's birth adduced at trial.

but he did not know who paid for it. On redirect examination, he testified that another man and woman were at the table with him and defendant.

¶ 12    Defendant testified that he and Farr had stood at the bar getting drinks, which Farr purchased. Defendant denied buying a bottle. A man and woman, friends of defendant's from Joliet Junior College, invited him to sit with them, and he invited Farr. Defendant's friends had a bottle of tequila that was already on the table when defendant sat down. No waitress came to the table and Beason never handed defendant a tab for a bottle of liquor. He and Farr sat at the table for 35 or 40 minutes and left. On cross-examination, defendant denied paying for any of his drinks.

¶ 13    During closing argument, defense counsel argued that Beason's testimony was incredible as she was required to reimburse Bocce's for the bottle of tequila after failing to request an identification from the purchaser or investigate why a man was paying with a card bearing a woman's name.

¶ 14    Following argument, the court stated that it believed Beason's testimony, which was corroborated by Farr's testimony that Farr did not buy a bottle of liquor but drank from a bottle at the table with defendant.[5] The court found defendant guilty of count I for aggravated identity theft and count II for forgery, and not guilty of counts III-V for using a counterfeited, forged, expired,

---

[5] The corrected transcript with which defendant supplemented the record states that the court said, "I don't believe the testimony of Ms. Beazon [*sic*]. I don't think that she presented the credit card or got the credit card from this defendant as she testified to. And I don't think the defendant signed the name on the credit card as she testified to." However, at the Rule 329 hearing, the court and defense counsel agreed that the court actually stated that it did believe Beason's testimony and did believe defendant gave her the credit card and signed the receipt. The court reiterated that it found Beason "very credible" and "the transcript is in error."

revoked, or unissued credit or debit card.[6] Regarding counts III-V, the court stated that there was no testimony the card was expired, revoked, counterfeit, or forged.

¶ 15 The court denied defendant's motion for a new trial. Following a hearing, the court sentenced defendant to two years' probation for each count and ordered him to pay $155.25 restitution to Bocce's and $40 restitution to Beason.[7] Defendant did not file a motion to reconsider the sentence.

¶ 16 On appeal, defendant argues that the State failed to prove his guilt beyond a reasonable doubt where Beason's testimony that he purchased the bottle of tequila with Braun's card was incredible.

¶ 17 "When a defendant challenges the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Jackson*, 2020 IL 124112, ¶ 64. The reviewing court will not disturb a guilty finding based on a challenge to the sufficiency of the evidence "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *Id.*

¶ 18 The factfinder is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Thus, the

---

[6] The first transcript provided that, at one point, the court said, "there is going to be a finding of not guilty to the aggravated identity theft, Count 1, as well as Count 2 forgery." The corrected transcript states, "there is going to be a finding of guilty" on those counts. Further, the court stated at the Rule 329 hearing that, "I don't think I ever indicated that the defendant was found not guilty of Counts 1 and 2."

[7] The transcript of the sentencing hearing states that "the Honorable JEROME PACE" presided. The case summary included in the record on appeal states that the Honorable Judge Geraldine Ann D'Souza presided over the hearing and imposed sentence. However, the Honorable Judge Patrick Coughlin, who presided at trial, stated at the Rule 329 hearing that he presided over the sentencing hearing and imposed the sentence, although Judge D'Souza "did sign the probation order."

reviewing court will not retry the defendant or substitute its judgment for the factfinder's on issues involving the weight of the evidence or the credibility of the witnesses. *Id.* Further, a single witness's testimony, if positive and credible, is sufficient to convict even where contradicted by the defendant's testimony. *People v. Little*, 2018 IL App (1st) 151954, ¶ 54 (citing *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009)).

¶ 19    Defendant was found guilty of aggravated identity theft and forgery. As charged, a person commits aggravated identity theft when he commits identity theft against a person 60 years of age or older. 720 ILCS 5/16-30(b)(1) (West 2016). A person commits identity theft when he knowingly uses any personal identifying information or personal identification document of another to fraudulently obtain credit, money, goods, services, or other property. *Id.* § 16-30(a)(1). A person commits forgery when, with intent to defraud, he knowingly makes a false document or alters any document to make it false and the document is "apparently capable of defrauding another." 720 ILCS 5/17-3(a)(1) (West 2016).

¶ 20    In this court, defendant does not contend that the State failed to establish any particular element of the offenses. Rather, he argues the "sole contested trial issue was who used [Braun's] card" to purchase the bottle of tequila. He challenges Beason's testimony that he purchased the bottle and signed the receipt, contending that he and Farr contradicted Beason and the State failed to present any forensic evidence of his guilt. Defendant argues that Beason had reason to incriminate him, as she failed to request an identification from whoever purchased the bottle and was required to repay Bocce's for it.

¶ 21    Defendant essentially requests we reweigh the trial evidence and substitute our judgment for that of the trier of fact on matters of witness credibility. This we may not do. *Jackson*, 2020 IL

124112, ¶ 64 (reviewing court is not to retry the defendant). Rather, we must view the evidence in the light most favorable to the State. *Id.* After doing so, we find the evidence sufficient to establish defendant's guilt beyond a reasonable doubt. Stated differently, the evidence was not so improbable or insufficient as to create a reasonable doubt of defendant's guilt.

¶ 22     Beason testified that defendant ordered a bottle of tequila and presented a card to pay for it. She slid the card through the reader, and defendant signed the receipt and added a tip. The receipt shows the card was a "MSTRCRD" in Braun's name and provides that the first and last four digits of the card were 5429 and 9828. The parties further stipulated that (1) Braun's birthdate was in 1947, making her over 60 years of age on January 24, 2016; (2) the account number for Braun's debit Master Card began with 5429 and ended in 9828; and (3) Braun would testify that she had not authorized anyone to use her card. After the fraudulent transaction, Beason learned defendant's identity through Farr's social media and identified defendant from a photograph array presented to her by police. Although defendant denied purchasing the bottle, a rational factfinder could conclude the State proved the elements of aggravated identity theft and forgery beyond a reasonable doubt. See *Little*, 2018 IL App (1st) 151954, ¶ 54 (citing *Siguenza-Brito*, 235 Ill. 2d at 228).

¶ 23     We are unpersuaded by defendant's challenges to Beason's credibility, and we disagree that a factfinder could not reasonably accept Beason's testimony.

¶ 24     Defendant asserts that, as Beason was charged for the bottle of tequila, she needed a "patsy" to blame for her failure to ask the purchaser for an identification and therefore had motive to "falsely accuse" defendant. However, a factfinder need not raise every explanation consistent with a defendant's innocence to the level of reasonable doubt. See *Siguenza-Brito*, 235 Ill. 2d at 229.

Moreover, the trial court considered that theory and found it unpersuasive. See *People v. Baugh*, 358 Ill. App. 3d 718, 737 (2005) ("Defendant's argument regarding the sufficiency of the evidence is unpersuasive because the weaknesses in the evidence that defendant cites on appeal were all presented to, and rejected by, the jury."). We additionally note that Beason testified that, although servers at Bocce's were "now" required to take the customer's identification when accepting card payments, in January 2016, they were to slide the card, have the customer complete the bottom two lines of the receipt, and close the card. In fact, Farr testified that he was not asked to show identification when he purchased drinks at the bar from someone other than Beason. Viewing that testimony in the light most favorable to the State, it follows that Beason did not improperly fail to check the identification of the person who purchased the bottle of tequila.

¶ 25    Defendant further argues that Beason's testimony is incredible as it conflicts with his and Farr's testimonies. Defendant and Farr—who stated he was with defendant "the whole time"—both testified that defendant never purchased any drinks, including the bottle of tequila. Nevertheless, Farr's testimony corroborated much of Beason's and contradicted some of defendant's. Like Beason, Farr testified that he and defendant were on the left side of the bar. Beason testified she brought the bottle to the table after defendant paid, and Farr agreed the bottle was "delivered" to the table. Defendant, on the other hand, testified that his friends had a bottle at the table already when he sat down. Moreover, the trial court was responsible for weighing the evidence and resolving the conflicts in the testimony and, as mentioned, this court will not substitute its judgment for that of the trial court on these matters. *Jackson*, 2020 IL 124112, ¶ 64.

¶ 26    Defendant next contends that we should find Beason's testimony incredible as the State failed to corroborate her testimony through forensic evidence such as a video of defendant

purchasing the bottle or a handwriting expert confirming he signed the receipt. However, the testimony of a single witness may support a conviction. *Little*, 2018 IL App (1st) 151954, ¶ 54. And, "[p]roof of physical evidence connecting a defendant to a crime has never been required to establish guilt." *People v. Williams*, 182 Ill. 2d 171, 192 (1998). Thus, we decline to disturb the trial court's finding that Beason was a credible witness.

¶ 27    Lastly, defendant notes that the State's evidence was insufficient for the court to find him guilty of counts III-V, which had charged him with using a counterfeit, forged, expired, revoked, or unissued credit or debit card. As the trial court noted, though, there was no testimony that defendant had used such a card. On the other hand, there was testimony sufficient for a factfinder to find the elements of aggravated identity theft and forgery. Moreover, "[a] verdict of acquittal on one charge is generally not legally inconsistent with a conviction on a separate charge, even though both charges arise out of the same occurrence." *People v. Wilson*, 257 Ill. App. 3d 670, 703 (1993). Accordingly, we affirm defendant's convictions.

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.